**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Developer Finance Corporation
and Prescott Orchards Land
Development, LLC</u>

   v.                                                    Civil No. 10-cv-462-LM
                                                                        Opinion No. 2012 DNH 077

<u>Chicago Title Insurance Company</u>

**O R D E R**

In an order dated March 6, 2012, document no. 39, the court granted summary judgment to Prescott Orchards Land Development, LLC ("Prescott") in its declaratory judgment action against Chicago Title Insurance Company ("Chicago Title"). Before the court is Chicago Title's motion for relief from judgment. In a nutshell, Chicago Title asks the court to vacate its judgment and then revisit its summary-judgment ruling, taking into consideration the memorandum of law it failed to submit in support of its objection to Prescott's motion for summary judgment. Among other things, the late-filed memorandum argues that Prescott had the burden of proving coverage under a policy of title insurance issued to it by Chicago Title, rather than Chicago Title having the burden of proving lack of coverage. Prescott objects. For the reasons that follow, Chicago Title's motion for relief from judgment is denied.

In its motion, Chicago Title invokes Rule 60 of the Federal Rules of Civil Procedure, but does not cite any specific part of that rule as the basis for the relief it seeks.  Rule 60(a) pertains to the corrections of clerical mistakes and, consequently, does not seem to apply.  The applicable provision would appear to be Rule 60(b), which describes six grounds for granting relief from judgment:

> **(b)  Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)**  mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)**  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)**  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)**  the judgment is void;
>
> **(5)**  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)**  any other reason that justifies relief.

Fed. R. Civ. P. 60.  As noted, Chicago Title does not invoke any of the specific provisions of Rule 60(b).  Relying on <u>Cheshire</u>

Medical Center v. W.R. Grace & Co., 767 F. Supp. 396, 397 n.1 (D.N.H. 1991), Prescott urges the court to construe Chicago Title's motion as being based on Rule 60(b)(6).  In Cheshire Medical, Judge Devine explained:

> Although plaintiff does not cite any specific rule under the Federal Rules of Civil Procedure, the court construes the motion as one for relief from judgment under Rule 60(b)(6), Fed. R. Civ. P., which provides for relief from judgment for "any other reason justifying relief from operation of the judgment."  The court does not construe the instant motion as seeking relief pursuant to sections 1 through 5 of Rule 60(b), as none of the specific reasons for relief set forth in those sections are raised here.

Id.  Chicago Title, like the plaintiff in Cheshire Medical, did not cite any specific part of Rule 60.  But, Chicago Title does say that

> [a]s the court implicitly recognized . . . through mistake, inadvertence or excusable neglect, counsel for Chicago Title filed Chicago Title's Memorandum of Law in Support of Cross-Motion for Summary Judgment As to Liability on Count II as attachment #1 to its Objection to Motion for Summary Judgment As to Liability Under Count II on January 30, 2012, instead of the Memorandum of Law in Support of Objection to Plaintiff's Motion for Summary Judgment As to Liability Under Count II.

Def.'s Mot. for Relief from J. (doc. no. 40), at 1-2.  While the court disagrees with the suggestion that it has already determined that Chicago Title's failure to file the correct memorandum qualifies as "mistake, inadvertence or excusable

neglect" for purposes of Rule 60(b)(1), the court has no difficulty construing Chicago Title's motion as seeking relief under that provision.  Accordingly, the court turns to the question of whether Chicago Title is entitled to relief under Rule 60(b)(1).

"Relief under Rule 60(b) is 'extraordinary in nature' and is therefore 'granted sparingly.'"  Caisse v. DuBois, 346 F.3d 213, 215 (1st Cir. 2003) (per curiam) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).  The Caisse court elaborated:

> To succeed on a Rule 60(b) motion, the movant must show that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party.  See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19-20 (1st Cir. 1992).  In addition, the movant must show that granting the motion will not be an "empty exercise" by demonstrating that the underlying claim for relief is likely to succeed on the merits.  Id. at 20.

Caisse, 346 F.3d at 215.

Chicago Title, which has the burden of proving its entitlement to relief, asks the court to exercise its discretion, and invokes the principle of fundamental fairness, but does not address any of the factors identified in Caisse, much less show that it has satisfied them.  That should be the end of the matter.  However, Chicago Title's motion is plainly

timely, see Fed. R. Civ. P. 60(c)(1), and the court will proceed on the assumption that granting it would not cause unfair prejudice to Prescott.  Accordingly, the court turns to the legal standard for granting relief under Rule 60(b)(1).

The starting point is the Supreme Court's decision in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).  In that case, the Court rejected an argument that "any showing of fault on the part of [a] late filer would defeat a claim of 'excusable neglect.'" Id. at 388.  To the contrary, it held that

> by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect" . . . Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

Id. (citation omitted).

The court of appeals for this circuit has construed the Pioneer Investment standard in the context of motions for relief under Rule 60(b)(1):

> Rule 60(b)(1), the provision relevant here, requires a showing of "excusable neglect" to win relief from a final judgment.  This is a demanding standard.  See Coon [v. Grenier], 867 F.2d [73,] 76 [(1st Cir. 1989)].  It allows the court, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507

5

> U.S. 380, 388 (1993). . . . We have said that, while other factors play an important role in the "excusable neglect" analysis, "the reason-for-delay factor will always be critical to the inquiry . . . ." Hospital del Maestro v. Nat'l Labor Relations Bd., 263 F.3d 173, 175 (1st Cir. 2001) (quoting Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000)).

United States v. $23,000 in U.S. Currency, 356 F.3d 157, 64 (1st Cir. 2004) (footnotes and parallel citations omitted).[1]

As $23,000 explained, a Rule 60(b)(1) analysis hinges on the reason for the late filing. Chicago Title, however, offers no assistance on this point; it provides no explanation of any sort for its failure to file the correct memorandum of law in support of its objection to Prescott's summary-judgment motion.[2] By failing to offer any explanation for its mistake, Chicago Title also precludes itself from establishing the "exceptional circumstances" required by Caisse, 364 F.3d at 215. In any event, in the absence of any explanation from Chicago Title, the court is left to presume that it filed the wrong memorandum as a

---

[1] The court of appeals also explained that while "the 'excusable neglect' standard at issue in Pioneer arose under the bankruptcy code, the court's analysis applies to the 'excusable neglect' standard as used throughout the Federal Rules of Civil Procedure, including Rule 60(b)." $23,000, 356 F.3d at 164 n.7 (citations omitted).

[2] As best the court can tell, Chicago Title takes the court's recognition of its mistake, in its summary-judgment order, as a determination that it has satisfied the Rule 60(b)(1) standard. By noting Chicago Title's mistake in its summary-judgment order, the court was most assuredly not "pre-qualifying" any potential Rule 60(b)(1) motion.

6

result of a garden-variety clerical mix-up.  That is not enough to satisfy the Rule 60(b)(1) standard.

In Stonkus v. City of Brockton School Department, the court of appeals affirmed "the district court's decision refusing to allow Stonkus to belatedly oppose the defendants' motion for summary judgment."  322 F.3d 97, 101 (1st Cir. 2003).  The plaintiff in Stonkus gave two reasons for its tardy filing, "confusion over filing dates and busyness."  Id.  The court observed that those reasons held "little water," id., and then continued:

> We have repeatedly held this type of counsel error to be inadequate to support a determination of excusable neglect within the meaning of Fed. R. Civ. P. 60(b)(1).  de la Torre [v. Continental Ins. Co.], 15 F.3d [12,] 15 [(1st Cir. 1994)] (fact that appellant's attorney was "preoccupied" with other matters did not constitute excusable neglect), and cases cited.  "Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences."  Id. (quoting Pinero Schroeder v. FNMA, 574 F.2d 1117, 1118 (1st Cir. 1978) (internal quotation marks omitted)).

Id.; see also Negron v. Celebrity Cruises, Inc., 316 F.3d 60, 62 (1st Cir. 2003) (explaining that "routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect" under Rule 60(b)(1)) (citing Graphic Commc'ns Int'l Union, Locan 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6-7 (1st Cir. 2001); Mirpuri v. ACT Mfg., Inc., 212

7

F.3d 624, 630-31 (1st Cir. 2000)).  Chicago Title has not provided any explanation for its failure to file the correct memorandum of law.  Based upon well-established First Circuit precedent, it seems clear that Chicago Title has failed to satisfy the threshold standard for relief under Rule 60(b)(1).

In Caisse, the court of appeals also held that a party seeking relief under Rule 60(b) "must show that granting the motion will not be an 'empty exercise' by demonstrating that the underlying claim for relief is likely to succeed on the merits."  346 F.3d at 215 (citation omitted).  Chicago Title's motion founders on that requirement as well.

Chicago Title's principal argument is that the court erred, in the summary-judgment order, by imposing the burden of proving non-coverage on it, rather than placing the burden of proving coverage on Prescott.  That argument is unavailing.

In its late-filed memorandum of law, Chicago Title advanced the following argument:

> The Court has interpreted RSA 491:22(c) to mean that when there is no underlying action in state or federal court, the provisions of RSA 491:22(a), imposing the burden of proof concerning coverage on the insurer, and RSA 491:22(b), allowing reasonable costs and attorneys fees to a prevailing insured, do not apply.  See Freudenberg-Nok General Partnership v.

>    Liberty Mutual Ins. Co., 1994 WL 263786 at n.6, citing
>    Allenstown v. National Casualty Co., 36 F.3rd 229,
>    232-234 (1st Cir. 1994); see also, New Hampshire Ball
>    Bearings v. Aetna Casualty and Surety Co., 43 F.3rd
>    749, 752 (1st Cir. 1995) ("[b]ecause there is no
>    underlying state court lawsuit in this case, the
>    burden-shifting framework of New Hampshire's
>    declaratory judgment act, NH. Rev. Stat. Ann. §
>    491:22, does not apply and the burden of establishing
>    coverage remains with the plaintiff. . . . .)
>    (emphasis supplied); Suburban Const. Co., Inc. v.
>    Sentry Ins., 1994 WL 263789 at *4 (D.N.H.) ("Before a
>    litigant in federal court can benefit from the burden-
>    shifting and fee award provisions of New Hampshire's
>    declaratory judgment statute, that party must first
>    meet the conditions for obtaining declaratory relief
>    in state court); Town of Peterborough v. The Hartford
>    Fire Ins. Co., 824 F. Supp. 1102, 1107 (D.N.H. 1993)
>    ("[t]he plain language of RSA 491:22(c) confers no
>    broader jurisdiction upon this court than that which
>    is conferred upon a state court under RSA 491:22.").[3]

Def.'s Mem. of Law (doc. 40-1), at 9-10 (footnotes omitted).  In its motion for relief from judgment, Chicago Title focuses on New Hampshire Ball Bearings and Suburban Construction.

In New Hampshire Ball Bearings, the court of appeals for the First Circuit did, indeed,

>    note that the district court properly found that,
>    because there is no underlying state court lawsuit in
>    this case, the burden shifting framework of New
>    Hampshire's declaratory judgment act, N.H. Rev. Stat.
>    Ann. § 491:22, does not apply and the burden of
>    establishing coverage remains with the plaintiff.

---

[3] While Chicago Title begins its argument by referring to "[t]he Court," the New Hampshire Supreme Court, which is the court that matters most when it comes to construing New Hampshire statutes, does not appear ever to have interpreted RSA 491:22-c in the manner described by Chicago Title.

43 F.3d at 752 (citation omitted).  However, in EnergyNorth Natural Gas, Inc. v. Associated Electric & Gas Insurance Services, Ltd., Judge Barbadoro identified the foregoing statement as dictum, 21 F. Supp. 2d 89, 91 (D.N.H. 1998), and, after an extensive analysis, determined "that the New Hampshire Supreme Court would not interpret the law in the manner suggested by the Ball Bearings court's dictum," id. at 94.  On that basis, he declined to follow the Ball Bearings dictum in the case before him.  See id.  This court is persuaded by Judge Barbadoro's reasoning in EnergyNorth, and declines to follow the dictum from New Hampshire Ball Bearings.

In the other case on which Chicago Title relies, Suburban Construction, Judge McAuliffe observed that "[b]efore a litigant in federal court can benefit from the burden shifting and fee award provisions of New Hampshire's declaratory judgment statute, that party must first meet the conditions for obtaining declaratory relief in state court."  No. CIV. 90-379-M, 1994 WL 263789, at *4 (D.N.H. Mar. 21, 1994) (citing Allenstown v. Nat'l Cas. Co., No. 90-501, slip op. at 12-13 (D.N.H. July 16, 1993)).  Suburban Construction, however, involved issues entirely different from those presented in this case.  As Judge McAuliffe explained:

> The New Hampshire declaratory judgment remedy is available in state court (1) when the party seeking determination of insurance coverage files a petition within six months of the filing of the underlying writ and (2) when the underlying action is pending in New Hampshire state court. Scully's Auto-Marine Upholstery, Inc. [v. Peerless Ins. Co.,] 136 N.H. [65,] 67 [(1992)]; Jackson v. Federal Ins. Co., 127 N.H. 230, 233 (1985); see also RSA 491:22. Suburban filed this declaratory judgment petition 17 months after Exxon brought its third party complaint in the underlying action, which underlying action was pending in federal court. Because neither condition of RSA 491:22 has been met, Suburban cannot invoke its remedies in this declaratory judgment action. See Allenstown, No. 90-501 at 11-13; see also RSA 491:22-c.

Id. (footnote omitted). Because Suburban Construction involved a declaratory judgment petition filed more than six months after the underlying writ, rather than a petition filed in the absence of an underlying writ, Judge McAuliffe's opinion says nothing of any relevance to the issue before this court. Moreover, even if that case were on all fours with this one, the court would decline to follow it, for the same reasons articulated by Judge Barbadoro in EnergyNorth.

Finally, Chicago Title's newly filed memorandum of law cites two other cases for the proposition that "when there is no underlying action in state or federal court, the provisions of RSA 491:22(a) . . . and RSA 491:22(b) . . . do not apply." Def.'s Mem. of Law (doc. no. 40-1), at 9 (emphasis in the original). But, neither of those two cases actually states the

11

proposition for which Chicago Title cites them, or even addresses the same issue. See Freudenberg-NOK Gen. P'ship v. Liberty Mut. Ins. Co., No. C-91-361-M, 1994 WL 263786, at *7 n.6 (D.N.H. Mar. 21, 1994) ("Because this declaratory judgment petition was brought within six months of Acme's writ being filed in Merrimack County Superior Court, both conditions of RSA 491:22 have been satisfied, and its remedies would have been available to Freudenberg in state court."); Town of Peterborough v. Hartford Fire Ins. Co., 824 F. Supp. 1102, 1107 (D.N.H. 1993).

In sum, there is nothing in Chicago Title's newly filed memorandum of law that would have caused this court to place the burden of proving coverage on Prescott. That is yet another ground for denying Chicago Title's motion for relief from judgment. See Caisse, 346 F.3d at 215. Moreover, as Chicago Title's remaining arguments are premised on its unavailing theory that "the burden of proof to demonstrate coverage under the Policy is properly imposed upon Prescott," Def.'s Mot. for Relief from J. (doc. no. 40), at 6, any further consideration of that memorandum would, necessarily, be an "empty exercise," Caisse, 346 F.3d at 215 (citation omitted). That is, a full-scale consideration of Chicago Title's late-filed memorandum would not lead to a different outcome.

To conclude, Chicago Title is not entitled to the extraordinary remedy of relief from judgment because it never addressed the Caisse factors, never even attempted to explain the reasons why it failed to file the proper memorandum of law, and seeks to vacate the court's judgment to pursue arguments premised on an incorrect allocation of the burden of proof. Accordingly, Chicago Title's motion for relief from judgment, document no. 40, is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

April 25, 2012

cc: Conrad WP Cascadden, Esq.
   Paul R. Kfoury, Sr., Esq.
   Martha Van Oot, Esq.