UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Developer Finance Corporation
and Prescott Orchards Land
Development, LLC

   v.                                                 Civil No. 10-cv-462-LM

Chicago Title Insurance Company

**O R D E R**

In an order dated March 6, 2012, the court granted summary judgment to Prescott Orchards Land Development, LLC ("Prescott") on its request for a declaratory judgment that it was entitled to coverage under a policy of owner's title insurance that was issued to it by Chicago Title Insurance Company ("Chicago Title"). Having granted Prescott the declaratory judgment it sought, the court closed the case. Now before the court is a pleading filed by Prescott and Developer Finance Corporation ("DFC") captioned "Motion to Reopen for the Determination of Damages," which identifies, as its legal basis, Rule 60(b) of the Federal Rules of Civil Procedure. Chicago Title objects. For the reasons that follow, the motion to reopen is denied.

The procedural rule on which DFC and Prescott base their motion provides, in pertinent part, that "the court may relieve a party . . . from a final judgment, order, or proceeding for

. . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Obviously, DFC and Prescott do not seek relief from the court's grant of summary judgment in Prescott's favor. Rather, as they clarify in their reply, they seek relief from the court's directive to the clerk of the court to close their case. In their view, there are issues that remain to be resolved in this case, specifically, the amount of damages to which they are entitled. DFC and Prescott are mistaken.

This case was a declaratory judgment action. It was initiated by a two-count "complaint," which is more aptly characterized as a petition.[1] See N.H. Rev. Stat. Ann. ("RSA") § 491:22 ("Any person claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties . . ."). That pleading is captioned "Complaint for Declaratory Relief." Doc. no. 1, at 1. Count I is captioned "Declaratory Relief Under Lenders' Policies of Title [Insurance]." Id. at 6. Count II is captioned "Declaratory Relief Under Owner's Policy of Title [Insurance]." Id. at 8. While they are somewhat unclear, the principal prayers for relief in petitioners' "complaint" seek a

---

[1] Accordingly, DFC and Prescott will be referred to in this order collectively as "petitioners."

2

declaration of their legal rights vis à vis Chicago Title.  See id. at 12.  Beyond that, five of the six New Hampshire Supreme Court opinions cited in petitioners' memorandum of law in support of their motion for summary judgment were in declaratory-judgment cases,[2] and much of the legal exposition in their memorandum focused on an insurer's duty to defend its insured.[3]  Petitioners neither argued nor identified any legal theory under which they would be entitled to damages from Chicago Title.  In other words, there was nothing in either the "complaint" or petitioners' summary-judgment motion to suggest that they were asserting a claim for damages.

Based upon all of the foregoing, the court treated the "complaint" as a petition for a declaratory judgment and determined that the case had come to a close once it granted Prescott the relief it had asked for.  Moreover, during the fourteen-day period for filing a motion for reconsideration to

---

[2] See State Farm Ins. Co. v. Bruns, 156 N.H. 708, 709 (2008); Philbrick v. Liberty Mut. Fire Ins. Co., 156 N.H. 389, 389 (2007); Carter v. Concord Gen. Mut. Ins. Co., 155 N.H. 515, 516 (2007); Broom v. Cont'l Cas. Co., 152 N.H. 749, 751 (2005); Moore v. N.H. Ins. Co., 122 N.H. 328, 331 (1982).

[3] As best the court can tell, Chicago Title's duty to defend was never an issue in this case, given the lack of any cause of action asserted against petitioners for which they needed a defense.  See State Farm, 156 N.H. at 710 (describing circumstances in which an insurer may have a duty to defend its insured).

correct a manifest error of fact of law, see LR 7.2(e), petitioners filed nothing with the court other than their objection to Chicago Title's motion for relief from judgment. That is, they advanced no argument that the court had erred by closing a case in which issues remained to be resolved. In their reply brief, petitioners acknowledge, in a bit of an understatement, that "[t]he procedure to reopen by a victorious party may be rare." Doc. no. 50, at 5. Then they argue that the "unique circumstances" of this case justify such an unconventional use of Rule 60(b)(6). Id. But, they offer no legal support for the proposition that Rule 60(b)(6) may be used, after the entry of judgment in a declaratory-judgment action, to transform such an action into a claim for damages.

In sum, the court cannot reopen this case because there is nothing to reopen. Prescott sought a declaratory judgment, and the court granted it. To be sure, the "complaint" mentioned various alleged damages, but making passing reference to damages and actually suing to recover them are two different things. Because this case included no claim for damages, reopening it is not an appropriate procedure for pursuing the relief petitioners now seek. Thus, their motion must be denied.

Petitioners' continuing misunderstanding of the nature of declaratory judgment is expressed in several ways in their

current pleadings.[4]  For example, while Chicago Title's response to Prescott's claim on its policy may be "a violation of the contract for title insurance," Pet'r's Mem. of Law (doc. no. 44-1), at 5, a question on which the court offers no opinion, nothing that Chicago Title said or did could have possibly been "a violation of the express Order of this Court," id.  That is because the court never ordered Chicago Title to pay anything to DFC or Prescott; it merely determined that to the extent that petitioners have been harmed by the presence of New Lane on their property, they are entitled to coverage under the policy they were issued by Chicago Title.  Thus, petitioners' suggestion that if the court denies the motion before it, they will "file a new action to collect on the judgment handed down by the Court on March 6, 2012," Pet'r's Reply (doc. no. 50), at 5, is ill considered.  In document no. 38, the court handed down a declaratory judgment, not a money judgment against Chicago

---

[4] That misunderstanding was probably foreshadowed by the caption of document no. 32: "Plaintiff's Motion for Summary Judgment as to Liability Under Count II."  In retrospect, it may have been helpful for the court to have pointed out, in its order on summary judgment, that a request for a declaratory judgment, unlike, for example, a claim for breach of contract, does not involve determinations of liability and damages.  Rather, in a declaratory judgment action, the court is called upon only to determine, as a matter of law, the legal rights of the petitioner(s) and the respondent(s).  See RSA 491:22.

Title, which means that there is no judgment on which petitioners could collect.

Of course, the current lack of a judgment on which petitioners can collect does not mean that they lack an avenue for recovery. In fact, the New Hampshire case on which petitioners rely for their theory of bad faith points the way. In <u>Jarvis v. Prudential Insurance Company of America</u>, the New Hampshire Supreme Court described the damages that a policy holder may recover from its insurer for a bad-faith denial of coverage, <u>see</u> 122 N.H. 648, 653-54 (1982). Before doing so, however, it described the claims in the case before it:

> We next address the plaintiffs' count in contract. Count II of the amended writ alleges that the failure of the defendant to pay certain disputed insurance benefits constituted a bad-faith breach of contract, which entitled them to consequential and punitive damages, including damages for emotional distress.
>
> The underlying factor in determining whether there has been a bad-faith breach of contract is whether the terms of the insurance policy cover the services of an L.P.A. A petition for declaratory judgment is pending in the superior court to determine this question. If it is determined in the declaratory judgment action that the plaintiffs' policy did cover the services of an L.P.A., the plaintiffs will then, and only then, be able to assert their claim that the defendant's denial of benefits was in bad faith.

<u>Id.</u> at 653. As <u>Jarvis</u> makes clear, the proper vehicle for a policyholder to use when seeking to recover from an insurer that

has wrongfully failed to pay a claim is an action against the insurer for breach of contract.  But, because petitioners have asserted no such cause of action against Chicago Title, the relief they seek in the motion before the court is unavailable.

To conclude, DFC and/or Prescott might be entitled to damages from Chicago Title.[5]  Again, to be clear, the court has no opinion on that matter.  But, at this point, the court has not awarded any damages against Chicago Title, because it has never been properly asked to do so.  Petitioners sought only a declaratory judgment in this action, which the court granted. Because there remain no unresolved issues in this case, petitioners' motion to reopen it, document no. 44, is necessarily denied.  Having determined that petitioners' declaratory-judgment action does not provide a legal context for determining whether Chicago Title has breached its contract with them or, if so, the amount of damages to which they are entitled, the court finds considerable merit in Chicago Title's

---

[5] In connection with that issue, the court notes that at the heart of petitioners' claim against its title-insurance policy is a cease-and-desist order that was in effect for approximately sixty days and then vacated.  It is not at all clear that there has ever been a legal determination concerning petitioners' title to the lots that New Lane allegedly crosses.  Such a determination would, of course, play a key role in determining whether, and to what extent, petitioners may have been damaged by any failure to identify the existence of New Lane before they purchased their property.  That issue, however, is not before this court.

suggestion that the dispute over the value of petitioners' claim is readily amenable to resolution through mediation. But, it is for the parties themselves to determine how best to resolve their differences.

    SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

November 6, 2012

cc: Conrad WP Cascadden, Esq.
    Paul R. Kfoury, Sr., Esq.
    Lisa Snow Wade, Esq.